UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 5:21-cr-00199

MICHAEL BRYANT

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Michael Bryant's Motion to Revoke the Magistrate Judge's Detention Order [Doc. 34]. The Government responded on December 15, 2021. [Doc. 36]. The Court conducted a hearing on December 20, 2021. The Court heard testimony from two witnesses, Officer Jason A. Redden and Mr. Jerry Wood. The matter is now ready for adjudication.

I.

On October 20, 2021, Mr. Bryant was indicted for three counts of distribution of fentanyl, one count of possession of a firearm in furtherance of a drug trafficking crime, and one count of being a felon in possession of a firearm. [Doc. 1]. The Government moved for detention, contending Mr. Bryant's case involves a controlled substance offense carrying a maximum sentence of incarceration of ten years or more. The offense invoked the rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3). [Doc. 7].

The Honorable Omar J. Aboulhosn held a detention hearing on October 26, 2021. Magistrate Judge Aboulhosn heard testimony from Mrs. Paulette Wood (Mr. Bryant's sister) regarding her suitability as a custodian for Mr. Bryant upon release. Magistrate Judge Aboulhosn

found Mr. Bryant presented sufficient evidence to rebut the aforementioned statutory presumption. He further found, however, that detention was warranted inasmuch as no condition or combination of conditions of release would reasonably assure the safety of others and the community. [Doc. 17]. Magistrate Judge Aboulhosn additionally found Mrs. Wood's offer to serve as custodian was inappropriate in view of Mr. Bryant's failing health and limited life expectancy: "The Court does not believe that she would be able to adequately supervise him at her home due to concerns that reporting a violation of his release would result in him being incarcerated and therefore he would most likely pass in custody if she did so." [*Id.* at 3].

Despite this finding adverse to Mr. Bryant, the Magistrate nonetheless noted as follows:

> The Court believes that there are conditions that could be placed on the defendant if a proper custodian can be identified that would protect the community. However, the suggestions of his home and his sister[']s home do not satisfy the Court that these are appropriate placements. . . . The Court would consider the new suggested third-party custodian a sufficient change of circumstances that would warrant reopening of the detention matter.

[*Id.*].

Mr. Bryant moved for reconsideration on November 2, 2021, naming both his sister and his brother-in-law, Mr. Jerry Wood, as joint custodians who could supervise Mr. Bryant on home incarceration at their Anstead home. [Doc. 25]. Magistrate Judge Aboulhosn directed the probation office to interview Mr. Wood regarding his custodial suitability. [Doc. 26]. Probation noted that Mrs. Wood is a better custodial candidate inasmuch as Mr. Wood works long hours and is often away from home. [Doc. 30 at 4]. Based upon its earlier concerns respecting Mrs. Wood's suitability to serve as custodian, the Court denied the motion for reconsideration. [Doc. 33].

Mr. Bryant now moves to revoke Magistrate Judge Aboulhosn's Detention Order. [Doc. 34]. In support, Mr. Bryant cites his failing health, which includes both Chronic Obstructive

2

Pulmonary Disease and cirrhosis of the liver. The two conditions are so advanced that Mr. Bryant's physician has predicted Mr. Bryant has only months to live. Mr. Bryant contends his last criminal conviction occurred approximately eleven years ago, and his health conditions have bound him to a wheelchair and oxygen tank. Further, if placed on home confinement with Mrs. Wood, he would be approximately thirty miles away from the situs of the criminal charges, and his sister would not allow any criminal activity to occur within her home. [*Id.*].

The Government responds that Mr. Bryant is a confirmed member of the Ku Klux Klan ("KKK") with a criminal history. The Government also shares Magistrate Judge Aboulhosn's concern about Mrs. Wood's willingness to report violations, particularly since she was unaware of Mr. Bryant's drug use and criminal activity at his home despite regular visits. [Doc. 36].

The Court conducted a hearing on the motion on December 20, 2021. During the testimony, Officer Redden noted he observed a "large male," later identified as Lawrence Richards, sitting on the front porch of Mr. Bryant's home prior to execution of the arrest warrant. Mr. Richards was previously incarcerated for robbery. Mr. Bryant hired Mr. Richards as a doorman as Mr. Bryant feared for his life. Mr. Bryant had been robbed in the past, and he wanted to prevent future robberies. Mr. Richards used a radio to communicate with Mr. Bryant. [Trans. at 17–19]. Upon entering the residence to execute the arrest warrant, officers found a computer monitor displaying several live feeds from cameras on the outside of the home, drug paraphernalia, and a .22-caliber Derringer firearm. Officers seized approximately sixty-one grams of a white powdery substance consistent with fentanyl. [Trans. at 19–22]. Additionally, Officer Redden noted Mr. Bryant had items in his home consistent with KKK membership, such as a uniform, patches, and memorabilia. [Trans. at 25].

The Court also heard testimony from Mr. Wood, who testified he works in Pax for

approximately twelve hours a day. He stated if Mr. Bryant was released to Mr. Wood's home, he would report any misconduct to probation and remove firearms from the home. [Trans. at 31-36].

## II.

The review of a release or detention order is *de novo*. 18 U.S.C. § 3145(b); *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985); *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989). The Court received new, necessary evidence at the December 20, 2021, hearing, so reopening of the detention hearing is proper. 18 U.S.C. § 3142(f)(2) ("The hearing may be reopened, before or after a determination by the judicial officer, . . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.").

Title 18 U.S.C. § 3142 of the Bail Reform Act of 1984 (the "Act"), as codified, governs the release or detention of an accused pending trial. Release pending trial is generally sanctioned unless there is no condition or combination of conditions that will "reasonably assure the appearance of the [accused] . . . and the safety of any other person and the community." 18 U.S.C. § 3142(e). Nonetheless, under some circumstances it is "presumed[, but rebuttable,] that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). Two such instances are when "the judicial officer finds that there is probable cause to believe that the [accused] committed . . . [(1)] an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . [or (2) an offense under section 924(c)]." 18 U.S.C. § 3142(e)(3)(A) and (B). Mr. Bryant, having been indicted in Counts One, Two, and

Three of the Indictment for distribution of fentanyl in violation of 21 U.S.C. § 841(a)(1), and in Count Four for the possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A), is accused of such offenses.

In such a case where the rebuttable presumption arises, the Act requires the Court to consider the following factors in ascertaining whether conditions of release exist that "will reasonably assure the appearance of the person as required and the safety of any other person and the community":

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g). The defendant is obliged to rebut the aforementioned presumption and show there are conditions or a combination of conditions that will assure his appearance and the safety

of the community. 18 U.S.C. § 3142(e)(3).

### III.

Respecting the nature and circumstances of the present offenses, the subject Indictment concerns controlled drug purchases made by confidential informants from Mr. Bryant on three separate occasions. [Doc. 1]. Mr. Bryant is charged with possession of a firearm during one of the controlled purchases, which the Government alleges Mr. Bryant sold to a confidential informant. [Trans. at 26].

Respecting the weight of the evidence, probable cause exists to warrant the five-count Indictment against Mr. Bryant. The Government contends the controlled purchases were captured on audio and video recordings, clearly depicting Mr. Bryant selling drugs and a gun to confidential informants. [Trans. at 26; Doc. 36 at 6].

Respecting Mr. Bryant's history and characteristics, he is sixty-two-years-old and a lifelong resident of Raleigh County with some family in the area. He has been unemployed for many years, and he receives Social Security Disability payments monthly. He is unquestionably afflicted with serious illnesses. His physical condition is such that he must use a wheelchair and oxygen tank to perform any level of activity. The rise of the Omicron variant of COVID-19 poses particular concern regarding his conditions and close confinement with other inmates in his current facility, despite any precautions that could be taken.

The Government contends Mr. Bryant is a confirmed member of the KKK, and the nature of the organization and his prior membership are relevant personal characteristics for release consideration under the Act. [Trans. at 14]. Mr. Bryant responds that he ended his association with the organization, and he was an informant for the Government about Klan activity. [Trans. at 1-2]. Officer Redden testified, however, that Mr. Bryant had KKK items, such as a uniform, in his home

during the execution of the arrest warrant on October 21, 2021. [Trans. at 25]. The Government concedes that it cannot find any association between Mr. Bryant and specific acts of Klan activity. [Trans. at 14]. But the matter is very concerning. Mr. Bryant also has a criminal history, although his last conviction occurred eleven years prior to the charges in the instant Indictment. Mr. Bryant has a history of violence and weapons-related offenses, and police found a firearm at Mr. Bryant's residence during his arrest on the pending charges.

Respecting the nature and seriousness of the danger that would be posed by release, there is no evidence to suggest Mr. Bryant's condition has inhibited his ability to engage in criminal activity. Mr. Bryant's condition in March 2021, when the conduct contained within the Indictment occurred, is unclear; however, at the time of Mr. Bryant's arrest seven months later in October 2021, Mr. Bryant had a doorman, a firearm, drug paraphernalia, and a substance consistent with fentanyl at his residence. Mrs. Wood testified that she attended a doctor's appointment with Mr. Bryant days prior to his arrest, and she learned Mr. Bryant had six months left to live. [Doc. 23 at 10, 20]. There is probable cause to believe Mr. Bryant was engaged in criminal activity despite his medical conditions. This showing further suggests Mr. Bryant has very little to lose by violating conditions of release.

In sum, the Magistrate Judge correctly apprehended the matter. There are no conditions of release which would reasonably assure the safety of the community. Mr. Bryant has repeatedly proposed his sister as third-party custodian, either alone or jointly with her husband. But it is unquestionably the case Mrs. Wood, at least, would be unlikely to report any violations of pretrial release despite her sworn statements. The Government suggests it is unlikely Mrs. Wood was unaware of Mr. Bryant's criminal activity despite being a regular visitor to his home. [Doc. 36 at 7]. The Court does not find it improbable that a defendant would hide his criminal activities

from his family members, but Mrs. Wood's lack of knowledge of her brother's activities could suggest she may be unable to identify the presence of drug activity within the home. Mr. Wood is also an inappropriate candidate for a third-party custodian, as he is rarely present at the home due to his twelve-hour work schedule. The purpose of the custodian is to supervise so to reasonably assure the defendant will not pose a danger to the safety of others. It is unreasonable to suggest a custodian who is working away from the home for most of the day can reasonably and effectively supervise a defendant. *See* 18 U.S.C. § 3142(c)(1)(B)(i).

Mr. Bryant has not rebutted the presumption of detention. The factors contained within 18 U.S.C. § 3142(g) weigh in favor of detention, as there are no conditions or combination of conditions present that would reasonably assure the safety of the community.

IV.

Based upon the foregoing discussion, the Court concludes Mr. Bryant has not rebutted the presumption of detention to warrant his release from custody pending trial. Accordingly, Mr. Bryant's motion to revoke the Detention Order **[Doc. 34]** is **DENIED**.

The Clerk is directed to send a copy of this Order to the Defendant and his counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: February 9, 2022



Frank W. Volk
United States District Judge