UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.                                                        CRIMINAL ACTION NO. 5:21-cr-00199

MICHAEL BRYANT

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Michael Bryant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) [Doc. 70], filed June 26, 2023. On the form motion, Mr. Bryant indicated he suffers from a "serious physical or medical condition" and that there are "other extraordinary and compelling reasons" for his release. [*Id.* at 4]. On July 12, 2023, the Court directed Mr. Bryant to supplement his motion [Doc. 71] and provide information concerning what other extraordinary and compelling reasons support his release. On August 2, 2023, Mr. Bryant filed Letter Supplement [Doc. 74] to his Motion for Compassionate Release. This matter is ready for adjudication.[1]

**I.**

On February 11, 2022, Mr. Bryant pled guilty pursuant to a written plea agreement to Counts One and Five of an Indictment charging him with distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1) (Count One) and possession of a firearm by a convicted felon, in violation

---

[1] Mr. Bryant also requests an evidentiary hearing in a letter received September 26, 2023. The substance of that four-sentence letter states his "need to provide rebuttal evidence" to the United States' response brief. That conclusory assertion, however, does not approach demonstrating a hearing is necessary. Absent even a brief explanation of the information to be adduced at such a hearing, the Court is constrained to conclude the facts and legal contentions are adequately presented in the materials filed, and a hearing would not aid the decisional process.

of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Five). [Docs. 1, 49, 50]. On May 19, 2022, he was sentenced to fifty-seven months of imprisonment on Count One and fifty-seven months of imprisonment on Count Five, to run concurrently, as well as concurrent three-year terms of supervised release on each count. [Docs. 62, 63]. Mr. Bryant is currently incarcerated at the Federal Medical Center in Rochester, Minnesota, and is projected to be released on May 13, 2025.[2]

On June 26, 2023, Mr. Bryant filed the instant Motion for Compassionate Release. [Doc. 70], which he supplemented on August 2, 2023 [Doc. 74]. Mr. Bryant asserts that his release is warranted because of his inability to receive a necessary lung transplant while in the custody of the Bureau of Prisons ("BOP") [Doc. 74 at 1]. Additionally, he contends that he must attend to the needs of his disabled son, who is presently under the care of his ailing sister. [*Id.*].

The United States responds that compassionate release is not warranted for two reasons. [Doc. 80]. First, the United States argues that Mr. Bryant has not met his burden of showing that extraordinary and compelling reasons exist to grant release. [*Id.* at 5–6]. Specifically, the United States avers that Mr. Bryant's medical records do not support his claim that he requires a lung transplant. [*Id.*]. The United States also maintains Mr. Bryant has not sufficiently demonstrated that his son suffers from a medical condition that renders him unable to care for himself or that he has no other appropriate caregiver aside from Mr. Bryant. [*Id.* at 7]. Second, the United States contends the relevant Section 3553(a) factors do not support Mr. Bryant's release. [*Id.* at 9–10].

---

[2] Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (select "Find by Number" menu; then choose "BOP Register Number" from "Type of Number" drop-down menu; then type "70708-509" into "Number" text box; then click "Search" button) (last visited Nov. 29, 2023).

II.

The First Step Act (the "Act") amended 18 U.S.C. § 3582(c)(1)(A) to expand access to compassionate release to incarcerated individuals. Prior to enactment, a court could only consider compassionate release on motion by the BOP. The Act "removed the BOP from that gatekeeping role, authorizing defendants themselves to file motions for sentence reductions." *United States v. McCoy*, 981 F.3d 271, 271 (4th Cir. 2020). Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), the defendant must first exhaust the administrative process established by the BOP or allow "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

To grant an inmate's motion for compassionate release or sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), the court must (1) find that extraordinary and compelling reasons warrant a sentence reduction, and (2) consider the relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). The Act "allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence." *Concepcion v. United States*, 597 U.S. 481, 484 (2022). However, this broad discretion "does not require a district court to accept a movant's argument that evidence of rehabilitation or other changes in law counsel in favor of a sentence reduction, or the Government's view that evidence . . . counsels against providing relief." *Id*. at 502. Rather, "[i]t is only when Congress or the Constitution limits the scope of information that a district court may consider in deciding whether, and to what extent, to modify a sentence, that a district court's discretion to consider information is restrained." *Id*. at 486-87; *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021) (holding that when analyzing "extraordinary and compelling" reasons, "[t]he district court enjoy[s] broad discretion in conducting [its] analysis.").

In April 2023, the U.S. Sentencing Commission promulgated amendments to the federal sentencing guidelines that took effect on November 1, 2023. Among those amendments was a revision to Section 1B1.13(a) authorizing a movant to file a motion under 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 further provides any of the following circumstances or combination thereof constitute extraordinary and compelling reasons: (1) the medical circumstance of the defendant, including, *inter alia*, an ongoing infectious disease outbreak at the defendant's facility or an ongoing declared public health emergency; (2) the defendant's age; (3) the defendant's family circumstances; (4) the defendant is a victim of abuse; (5) other circumstances similar in gravity to those previously listed; or (6) the defendant received of an unusually long sentence. *See* U.S.S.G. 1B1.13(b)(1)-(6).

If an inmate demonstrates extraordinary and compelling reasons for release, the court must then consider the § 3553(a) sentencing factors in deciding whether to exercise its discretion to reduce the inmate's sentence. 18 U.S.C. § 3582(c)(1)(A); *United States v. High*, 997 F.3d 181, 187 (4th Cir. 2021). These factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public from further crimes of the defendant," and "provide the defendant with . . . training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a); *see High*, 997 F.3d at 187.

### III.

Upon careful consideration of 18 U.S.C. § 3582 and the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Mr. Bryant's stated grounds do not warrant relief. First, as to his health conditions, Mr. Bryant reports a history of severe chronic obstructive pulmonary disease ("COPD"), chronic dyspnea on exertion, heart disease, hypertension, and pre-diabetes.

[Docs. 70-3, 74 at 1]. According to the medical documentation provided by Mr. Bryant, on May 26, 2023, he presented to the Mayo Clinic for evaluation of his COPD. [Doc. 74 at 2]. The supervisory pulmonologist who treated Mr. Bryant remarked that, in addition to his COPD, there may be other comorbid lung diseases contributing to Mr. Bryant's reported breathlessness, hypoxia, and lung crackles. [*Id.*]. The treating pulmonologist recommended Mr. Bryant receive high-resolution chest imaging and additional testing to further investigate the source of his symptoms. [*Id.*] The pulmonologist also noted that Mr. Bryant might benefit from additional medications and education on correct inhaler techniques. [*Id.*]. Notably, the pulmonologist did not mention the need for a lung transplant in his report. [*Id.*].

On May 30, 2023, Mr. Bryant met with a BOP Health Services provider as part of the facility's weekly rounds. [Doc. 70-3 at 22]. The BOP physician ordered the testing recommended by the Mayo Clinic pulmonologist and an additional oxygen titration study. [*Id.* at 22–24]. More recent medical documentation provided by the United States shows that the oxygen titration study was partially completed on June 13, 2023, but Mr. Bryant refused to perform the activity portion of the study. [Doc. 80-4 at 56, 72–73]. Mr. Bryant's pulmonary rehabilitation regimen was also placed on hold while pending treatment of a heart condition. [*Id.* at 72–73].

Therefore, although Mr. Bryant's medical records indicate that he suffers from severe COPD, heart disease, and several other serious medical conditions, Mr. Bryant has not provided any evidence to support his assertion that he must receive a lung transplant before his sixty-fifth birthday. Mr. Bryant's medical conditions do not prevent him from walking short distances, independently transferring himself into and out of his wheelchair, or caring for himself without assistance. [Doc. 70-1 at 2–3; *see also* Doc. 70-3 at 3–6]. Additionally, the Court notes that Mr. Bryant is currently incarcerated at a specialized facility that houses inmates with chronic

conditions and permits him to receive care from the Mayo Clinic, a premier medical institution. Accordingly, the Court **FINDS** Mr. Bryant's stated medical grounds are insufficient to establish extraordinary and compelling reasons warranting release.

Second, Mr. Bryant has not demonstrated that his son suffers from a medical condition that renders him unable to care for himself or that he has no other appropriate caregiver aside from Mr. Bryant. According to Mr. Bryant, his twenty-eight year-old son suffers from a psychiatric or psychological disability that he developed as an adolescent. [Doc. 74 at 1; Doc. 67 at 20]. While the precise nature of his son's disability is unclear from the record, the Presentence Investigation Report ("PSR") in this case suggests that Mr. Bryant's "son has a speech impediment and does not go outside." [Doc. 67 at 20]. Mr. Bryant further alleges that since his imprisonment, his son has been under the care of Mr. Bryant's seventy-one-year-old sister, who "pays all his [son's] utilities and transportation to the doctors." [Doc. 74 at 1]. Although Mr. Bryant claims that his sister suffers from multiple sclerosis, he has not provided any evidence regarding her suitability as a caregiver for his son.

Further, Mr. Bryant's intimation that his son is unable to care for himself appears to be at odds with his sister's testimony at Mr. Bryant's detention hearing on October 26, 2021. [Doc. 80-5 at 11]. Specifically, his sister testified that Mr. Bryant's son "helps [Mr. Bryant] . . . get in the shower," "is there to make sure he's safe and fixes his food," and takes him to his medical appointments, rather than the other way around. [*Id*. at 11, 24]. This testimony plainly contradicts Mr. Bryant's claim that his son needs him as a caregiver. Accordingly, the Court **FINDS** Mr. Bryant's stated family circumstances are insufficient to establish extraordinary and compelling reasons warranting release.

Third, none of the applicable Section 3553(a) factors weigh in favor of Mr. Bryant's release. Mr. Bryant is scheduled to be released May 13, 2025, after serving concurrent 57-month terms of imprisonment for distribution of fentanyl and being a felon in possession of a firearm. Indeed, Mr. Bryant's criminal conduct involved the dangerous combination of drugs and firearms. Mr. Bryant, an unlawful drug user himself, faces significant challenges to his mental and physical health. However, his medical conditions did not impede his ability to partake in criminal conduct as Mr. Bryant suffered from severe COPD and used an oxygen concentrator at the time he committed the offenses of conviction in this case. [Doc. 67 at 20]. Further, Mr. Bryant has served less than thirty percent of his sentence thus far, a sentence which already fell at the very bottom of his Guidelines range. Accordingly, the nature and circumstances of his offenses of conviction along with the need for the sentence imposed to provide just punishment, afford adequate deterrence, and protect the public, together with the applicable sentencing range, all support his continued incarceration consistent with the original sentence imposed.

**IV.**

Based on the foregoing reasons, the Court **DENIES** Mr. Bryant's Motion for Compassionate Release [**Doc. 70**].

The Clerk is **DIRECTED** to transmit a copy of this written opinion and order to the Defendant and to the United States Attorney.

ENTER:   December 5, 2023

Frank W. Volk
United States District Judge